# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
### CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 16-CR-04081-SRB-1 |
| | ) | |
| MATTHEW SCOTT BURR, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant Matthew Scott Burr's ("Defendant") Motion Requesting Modification of Imposed Sentence of Imprisonment Pursuant to 18 U.S.C. § 3582(c). (Doc. #67.)  For the reasons stated below, the motion is GRANTED.

## I.  BACKGROUND

On December 7, 2016, Defendant was indicted in the United States District Court for the Western District of Missouri for felon in possession of a firearm (the "federal indictment").  At the time, Defendant was incarcerated at the Fulton Reception & Diagnostic Center in Fulton, Missouri, pursuant to a Missouri state court conviction.  On January 30, 2017, Defendant was transferred to federal custody under a writ of habeas corpus ad prosequendum.

On June 6, 2017, Defendant pled guilty to the federal indictment.  However, due to errors in calculating Defendant's criminal history, the presentence investigation report unexpectedly revealed that Defendant would be subject to an enhanced penalty under 18 U.S.C. § 924(c), requiring a fifteen-year mandatory minimum sentence.  Neither the Government nor Defendant anticipated the enhancement would apply, and both parties agreed such an enhancement would be excessive in this case. The Government therefore did not oppose Defendant's request to withdraw his guilty plea.

The Government and Defendant continued to engage in plea negotiations.  The parties consented to several continuances of Defendant's federal case, partly because a case pending before the United States Eighth Circuit Court of Appeals had the potential to impact Defendant's enhancement status under 18 U.S.C. § 924(c).  Ultimately, the Eight Circuit's opinion did not change Defendant's status.  Because the parties agreed that the enhanced mandatory sentencing imposed by § 924 would be excessive, on October 21, 2019, Defendant plead guilty to the lesser crime of possession of a firearm in furtherance of a drug trafficking offense.  The parties jointly recommended sentence consisting of a 120-month term of imprisonment followed by three years of supervised release.

While in federal custody, Defendant was scheduled for hearings before the Missouri Department of Corrections, in which Defendant was to be released on parole from his state court sentence.  (Doc. #67-2.)  Defendant did not attend those hearings because of the federal charges, particularly in light of the potential sentencing enhancement.  Due to the parties' errors in initially calculating Defendant's sentencing guidelines, Defendant was unable to return to state custody.  Defendant was not released on parole from his state court sentence until October 14, 2018, when he reached the maximum release date for that state court charge.

At Defendant's February 20, 2020, sentencing hearing, Defendant explained to the Court that he originally plead guilty in 2017.  Defendant and his attorney understood that Defendant was parole-eligible on his state court sentencing and his time spent in federal custody would be fully credited towards his federal sentence.  Defendant argued that if he knew he would not receive full credit towards his federal sentence or if he did not have to withdraw his 2017 guilty plea, which created a lengthy delay in reaching a plea agreement, he would have returned to state court to attend his scheduled parole hearings and he would have been formally released from

2

state court custody.  The Government argued that it thought the calculation of time served was a Bureau of Prisons ("BOP") decision, but ultimately deferred to the Court on Defendant's request for credit.

The Court agreed that Defendant's request to be credited for time Defendant spent in federal custody from January 30, 2017, through October 14, 2018, was appropriate.  The Court specifically stated that "it's the Court's position that [Defendant] will be given – should be given credit for all the time that [Defendant has] been in federal custody."  (Doc. #67-3, p. 11.) Defendant raised his concern that the BOP would not correctly calculate his time served.  The Court explained to Defendant that if the time served was not calculated, then he would need to address exhaust his administrative remedies.  If the administrative procedures did not fix the time served calculation, the Court would reappoint Defendant's counsel and the issue would be resolved through a motion filed with the Court.  The Court then reiterated, "I will put in that [Judgment and Commitment] that I believe that [Defendant will] be getting credit for [his] time served that goes back until January 30th, 2017."  (Doc. #67-3, p. 14.)  The Court then sentenced Defendant to a 120-month term of imprisonment, followed by three years of supervised release.

The BOP did not credit the time Defendant spent in federal custody between January 30, 2017, through October 14, 2018, towards his federal.  Defendant appealed the BOP's determination, which the BOP denied.  Defendant, through counsel, then filed the pending motion.

Defendant brings the pending motion under 18 U.S.C. § 3582(c).  Defendant argues that his sentence should be reduced from a 120-month term of imprisonment to a 99-month term of imprisonment to account for the approximately twenty-one months that the Court intended for Defendant to receive as credit towards his sentence.  Defendant argues that the errors in

accounting for his criminal history and sentencing enhancement, which were unexpected to both Defendant and the Government, and the subsequent withdraw of his June 6, 2017, guilty plea, amount to extraordinary and compelling reasons to reduce his sentence. But for the unique circumstances in Defendant's pre-sentencing delays, Defendant argues he would have been paroled from his state sentence and would have otherwise received credit for his full time served in federal custody. The Government opposes the motion, arguing that Defendant is not entitled to double credit for the time credited towards his state sentence, the circumstances do not amount to "extraordinary and compelling reasons" to reduce Defendant's sentence, and no other authority allows the Court to reduce Defendant's sentence.

## II. DISCUSSION

The Court finds that reducing Defendant's sentence from a 120-month term of imprisonment to a 99-month term of imprisonment to account for the time Defendant spent in federal custody from January 2017 through October 2018 is warranted under (1) Federal Rule of Criminal Procedure 36, and (2) 18 U.S.C. § 3582(c).[1] Each reason is addressed below.

### A. Rule 36

Federal Rule of Criminal Procedure 36 provides that "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. The Government argues Rule 36 does not apply here because it "clearly does not authorize substantive changes to a defendant's sentence." (Doc. #71, pp. 9-10.) However, an "authorized correction, pursuant to Rule 36, may clarify a sentence, unclear in

---

[1] The Government argues that Defendant must challenge the time served calculation under 28 U.S.C. § 2241, which must be brought in the district with jurisdiction over the facility in which Defendant is incarcerated. The Court finds § 2241 does not apply because Defendant has filed a motion to reduce his sentence, not recalculate his time served. Accordingly, the Court has authority to address Defendant's motion.

written form, that is clear when the record is examined as a whole." *Id.* (citing *United States v. McAfee*, 832 F.2d 944, 946 (8th Cir. 1987).

Here, the Court finds Rule 36 authorizes it to grant Defendant's requested relief. The Court finds the Judgment and Commitment, the written form of Defendant's sentencing, is both an "error in the record arising from oversight" and unclear as to what the Court meant in stating "Defendant to receive credit for time served in federal custody." (Doc. #58, p. 2.) Examining the record as a whole, it is clear that the Court intended the Judgment and Commitment to reflect that Defendant will "be getting credit for [his] time served that goes back until January 30th, 2017." (Doc. #67-3, p. 4.) The Government does not dispute that this was the Court's intention at the sentencing hearing. The Court finds Defendant's requested relief is appropriate under Rule 36 to align Defendant's term of imprisonment with the Court's intended sentencing.

Accordingly, it is hereby ORDERED that Defendant's sentence is reduced from a 120-month term of imprisonment to a 99-month term of imprisonment.

## B. 28 U.S.C. § 3582(C)

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, a defendant with extraordinary and compelling reasons may be entitled to compassionate release under 18 U.S.C. § 3582(c). The First Step Act of 2018 modified compassionate release under 18 U.S.C. § 3582 to state:

> [T]he court, upon motion of the Director of the Bureau of Prisons or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that – (i) extraordinary and compelling reasons warrant such a reduction; or (ii) the defendant is at least 70 years of age,

5

has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g); and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

§ 3582(c)(1)(A).

The movant bears the burden of proving she has satisfied the procedural prerequisites for judicial review and that extraordinary and compelling reasons justify a sentence reduction. *United States v. Dickerson*, No. 1:10-CR-17-HEA, 2020 WL 2841523, at *1 (E.D. Mo. June 1, 2020). Here, Defendant properly exhausted his administrative remedies. Consequently, Defendant may seek relief directly from this Court.

### 1. Extraordinary and Compelling Reasons

Defendant argues that extraordinary and compelling reasons justify a sentence reduction. Defendant contends that errors in calculating his sentencing guidelines forced him to withdraw his 2017 guilty plea. These errors created a significant delay in resolving Defendant's federal case. Defendant was prevented from attending several scheduled parole hearings in which Defendant would have been released on parole from his state court sentence. Without these errors, Defendant's full time in federal custody would be eligible for credit towards his federal sentence.

The Government argues, under 18 U.S.C. § 3585(b), "[a] federal defendant is not entitled to credit for time served on a state sentence while awaiting federal sentencing where that time is 'credited against another sentence.'" (Doc. #71, p. 3.) The Government also argues that "there is nothing 'extraordinary and compelling' about a correct and proper application of the statutes and rules, which have been in place, and which have applied to every inmate since before

[Defendant] began to serve his time," and Defendant's 120-month sentence is exactly what he agreed to in his plea agreement. (Doc. #71, p. 8.)

The Court agrees with Defendant – there is something "extraordinary and compelling" about both the Government and Defendant's attorney miscalculating Defendant's criminal history and sentencing guidelines, resulting in over a two-year delay in plea negotiations which prevented Defendant from attending parole hearings and being formally released from state custody. The sentencing transcript makes clear that the Court had every intention to ensure Defendant would be credited for the "time served that goes back until January 30th, 2017." (Doc. #67-3.) Without a sentence reduction, Defendant would be forced to serve an additional twenty-one months in incarceration solely caused by a calculation error in computing Defendant's sentencing guidelines. The Court finds that requiring Defendant to overserve his sentence by nearly two years is an extraordinary and compelling reason which warrants a sentence modification under § 3582(c).

The Court disagrees with the Government's argument that reducing Defendant's sentence would be inconsistent with the Sentencing Commission's policy statement in U.S.S.G. § 1B1.13. Even assuming the Court is bound by this outdated policy statement,[2] the Government's argument ignores the statement's "catch-all" provision which allows the Court to determine that "there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." U.S.S.G. § 1B1.13 app. n.1(D). In turn, the Court finds § 1B1.13 is not a barrier to granting Defendant's motion and that Defendant has met his burden of proving extraordinary and compelling reasons justify a sentence reduction.

---

[2] U.S.S.G. § 1B1.13 has not been updated since the enactment of The First Step Act of 2018.

## 2.  Section 3553(a) Factors

The Government also contends that the 18 U.S.C. § 3553(a) factors[3] do not justify a sentence modification because Defendant has a lengthy criminal history and was disrespectful and aggressive towards prison staff while in federal custody.  The Court disagrees.  First, the Court considered the applicable § 3553(a) factors when it initially sentenced Defendant with the intention of Defendant being credited his full time served in federal custody, and finds those factors now weigh in favor of a sentence reduction.  To reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant, the Court finds Defendant's requested sentence reduction is warranted.  Defendant is thus entitled to a sentence reduction under 18 U.S.C. § 3582(c).

## III.  CONCLUSION

Accordingly, Defendant's Motion Requesting Modification of Imposed Sentence of Imprisonment Pursuant to 18 U.S.C. § 3582(c) (Doc. #67) is **GRANTED**.  The Court reaches this conclusion under both Federal Rule of Criminal Procedure 36 and 18 U.S.C. § 3582.

---

[3] The § 3553(a) factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>> (B) to afford adequate deterrence to criminal conduct;
>> (C) to protect the public from further crimes of the defendant; and
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for—
>> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines [issued by the Sentencing Commission ...]
> (5) any pertinent policy statement [issued by the Sentencing Commission ...;]
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

Defendant's sentence is hereby modified from a 120-month term of imprisonment to a 99-month term of imprisonment.  Defendant's term of imprisonment shall be followed by three years of supervised release as outlined in the original Judgment and Commitment.  An Amended Judgement and Commitment to be entered.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

DATE: March 31, 2022